# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| NATHANIEL THOMAS, et al | CIVIL ACTION NO. 11-0367 |
|---|---|
| -vs- | JUDGE DRELL |
| WAL-MART LOUISIANA, LLC, *et al.* | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is plaintiffs' Motion to remand, **Doc. # 9**, referred to me by the district judge for Report and Recommendation. Also pending is a motion to dismiss, **doc. #12.**

## FACTUAL BACKGROUND

Plaintiff, Nathaniel Thomas, alleges that he and his wife were customers in the Pineville, Louisiana Wal-Mart store on January 25, 2010, when he tripped on a pallet on which a merchandise display was sitting, but which protruded several inches past the merchandise. Plaintiffs sued Wal-Mart and one of its assistant managers, Katy Powell, alleging that Powell actually created the hazard or that she at least had actual knowledge of the hazard or that she should have known of it.

Defendants removed the case to this court asserting that Powell was improperly joined because there is no possibility of recovery against her.

Plaintiff filed the instant motion to remand.

DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the assistant store manager, Ms. Powell. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co*.,* 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor.

Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are citizens of Louisiana, while Wal-Mart is a foreign corporation. However, Ms. Powell also resides in Louisiana. Her presence in the suit would destroy the complete diversity required by federal law.

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990. Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied. Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973); Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. Canter, 283 So.2d at 721. Second, this duty is delegated by the employer to the employee. *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault. *Id.* Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the

plaintiff's damages. *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate. *Id.*

In order to state a cause of action against Wal-Mart's assistant manager, then, it must be shown that Wal-Mart delegated its duty to her and that she personally breached that duty.

Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6.

Here plaintiff is alleging that the manager personally stacked the merchandise on the pallet in the aisle in a negligent manner. However, defendants have attached the affidavit of the individual defendant Powell to dispute those allegations. Ms. Powell's affidavit attests that on the day of the accident she was assistant manager over "front end operations". She shows that she did not create the hazard and , more specifically, that she did not place the pallet in the location where plaintiff fell nor did she stack the merchandise on the pallet as plaintiff alleges in his petition. She asserts that her only knowledge of the pallet was as an assistant manager performing her general duties and that she did not have any hands-on involvement with the location, placement, and setup of the display of which plaintiff complains.

This case is similar to Brady v. Wal-Mart *Stores*, 907 F.Supp. 958, 960 (M.D. La. 1995), in which a store manager was sued for failing to prevent a stack of boxes from falling on an invitee's head. The court noted that, although plaintiff sued the manager for stacking the boxes improperly, there was no allegation nor evidence that the manager himself stacked

4

the boxes, and the plaintiff could not reveal who personally caused the accident. *Id.* Holding that it was improper to hold a manager liability for breaches of his general administrative duties as store manager, the court agreed he had been improperly joined. *Id.* at 961.

This court has repeatedly recognized these principles. See, for example, District Judge Drell's opinion in Carter v. Wal-Mart, 04-0072 on the docket of this court.

Plaintiff places much weight on the Fifth Circuit's decision in Ford, supra. However, Ford is easily distinguishable. In Ford, there was actual evidence of personal involvement by the plant manager as well as prior knowledge of the defect.

As in Brady, this is a classic case of attempting to place liability upon a store manager "simply because of [her] general administrative responsibility for performance of some function of employment." Canter at 721. There is no such theory of recovery under Louisiana law. Therefore, plaintiff's claims against Powell fall short as a matter of law; thus, she has been improperly joined and her presence in the suit should be disregarded for the purposes of determining jurisdiction, that is, whether complete diversity of the parties exists. Powell should be dismissed as a defendant.

## CONCLUSION

IT IS RECOMMENDED that the motion to remand, doc. #9, be DENIED. IT IS FURTHER RECOMMENDED that defendant's motion to dismiss, doc. #12, be GRANTED. dismissing Powell as a defendant.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 5th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE