

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| NATHANIEL THOMAS, et al. | CIVIL ACTION NO. 11-367 |
| -vs- | JUDGE DRELL |
| WAL-MART LOUISIANA, LLC, et al. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge, (Doc. 22),

denying Plaintiffs' motion to remand, (Doc. 9),[1] and granting Defendant's motion to dismiss, (Doc.

12). After a de novo review of the record and Plaintiffs' objections, (Doc. 23), the Court adopts the

Report and Recommendation but with the following modifications, including and resulting in a

contrary dispensation of these motions and a remand of the case to state court.

### PORTIONS ADOPTED

We adopt the Report and Recommendation's Factual Background, (Doc. 22, p. 1), and its

discussion of diversity jurisdiction and improper or fraudulent joinder, (Doc. 22, pp. 2-3). These

establish that Plaintiff Nathaniel Thomas ("Mr. Thomas") claims to have suffered a slip-and-fall at

a Wal-Mart in Pineville, LA in January 2010. He and his wife (collectively "Plaintiffs")

subsequently filed suit in the 9th Judicial District Court in Rapides Parish against Wal-Mart

Louisiana, LLC and Wal-Mart Stores, Inc. (collectively "Wal-Mart"), National Union Fire Insurance

---

[1] Plaintiffs also filed a motion to strike (Doc. 17) an affidavit Defendants included in their opposition (Doc. 11-1, exh. H) to Plaintiff's motion. Though not specifically dispensed with in the Report and Recommendation, that motion to strike was implicitly decided by the Magistrate Judge (in Defendants' favor) and thus is also dealt with here.

Company ("National"), and one of Wal-Mart's assistant managers, Katy Powell ("Ms. Powell").[2]

Plaintiffs are both Louisiana residents. Wal-Mart and National are both foreign corporations. Ms. Powell is a Louisiana resident. Wal-Mart and National (collectively "Defendants") removed the case from state court, alleging that Ms. Powell "was improperly joined as a defendant" in the matter for "the sole purpose of . . . destroy[ing] diversity jurisdiction." (Doc. 1, ¶ VIII).[3]

As discussed in the adopted portions of the Report and Recommendation, federal diversity jurisdiction requires complete diversity between opposing parties. 28 U.S.C. § 1332(a). However, a plaintiff may not defeat diversity by joining as a defendant someone who should not be a party to the action. The test for such "improper joinder" is whether a Defendant can show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). The defendant bears the burden of establishing improper joinder. *Id.* To carry its burden, a defendant "must 'put forward evidence that would negate a possibility of liability on the part' of" the allegedly improperly joined defendants in state court. *Id.*, at 333-34 (quoting *Travis v. Irby*, 326 F.3d 644, 647 [5th Cir. 2003]). All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. *Travis*, 326 F.3d at 648.

---

[2] Defendants' initial notice of removal, (Doc. 1), did not include the entire state court record, including certain information relevant here such as the (prior to removal) proof of service on Ms. Powell. Instead, these documents are found in the record at Doc. 6 (original notice of removal and list of documents included in Doc. 6-1), 6-1 (pretrial correspondence, Plaintiff's complaint, and proofs of service), and 7-8 (Defendants' state court answer).

[3] As noted in Plaintiffs' objections, Ms. Powell was also a defendant in state court but was not part of - and apparently did not consent to - the removal, and she is not part of the proceedings here. Generally all defendants must consent to removal. Limited exceptions to this rule exist, including, in the Fifth Circuit, that the remaining defendants need not obtain the consent of a co-defendant where they allege that that co-defendant was fraudulently or improperly joined explicitly to defeat diversity jurisdiction. E.g., *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]pplication of this requirement [of unanimity] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

Here, Plaintiffs moved to remand the case "on the grounds that there is a lack of complete diversity between the parties," (Doc. 9, p. 1). They asserted that "Defendants do not allege actual fraud in the joinder of Ms. Powell, but instead . . . that . . . [Plaintiffs] could not establish a cause of action against Ms. Powell in State Court," and that "[t]he sole basis for defendants' argument is the allegation that Ms. Powell does not owe a personal duty to Mr. Thomas." (Doc. 9-2, p. 7). Plaintiffs argued that Ms. Powell did owe such a duty of personal care to Plaintiffs, and that Plaintiffs can maintain a claim against her in state court. They also correctly presented the requirements under Louisiana law – discussed below – for holding an employee personally liable for her employment-related torts, and they argued that Ms. Powell's conduct in the present case satisfies them. (Doc. 9-2, pp. 8-10).

Defendants filed a memorandum in opposition. (Doc. 11). They described most of the relevant law and facts similarly to Plaintiffs. Their disagreement focused on their claim that Ms. Powell was sued for "alleged violations of managerial and administrative duties as a Wal-Mart employee" for which an action does not lie under Louisiana law, and that otherwise "the facts do not exist" for Plaintiffs to maintain a cause of action against Ms. Powell. (Doc. 11-1, p. 2). Plaintiffs replied, likewise focusing on the issue of whether an action could be maintained in state court in Louisiana against Ms. Powell. (Doc. 19).

Separately, Defendants also filed a motion to dismiss Ms. Powell from the case, (Doc. 12), which Plaintiffs opposed. (Doc. 16).

As said, we adopt the above discussion from the Report and Recommendation. Similarly, we adopt most of the Report and Recommendation's discussion regarding the primary contested issue here – whether, in state court and under Louisiana law, there is "any possibility of recovery" against Ms. Powell. *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley*

*Dean Witter & Co.*, 313 F.3d 305, 312 [5ᵗʰ Cir. 2002]) (both cases clarifying that "any possibility" means not "any mere theoretical possibility," but, similar to the standard for determining whether there is a "possibility" a party may maintain a claim under Rule 12(b)(6), a "reasonable" possibility, so that "there is a reasonable basis for predicting that the state law might impose liability on the facts involved."). Specifically, we adopt its statement of the fraudulent joinder "any possibility of recovery" standard, and the "four distinct criteria" for determining whether, under Louisiana law, a manager or other employee may be held personally liable for actions taken on behalf of an employer. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 936 (5ᵗʰ Cir. 1994).[4]

## MODIFICATIONS

Applying the standard to the facts of this case, the Report and Recommendation found that,

---

[4]  These requirements are:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.

> 2. This duty is delegated by the principal or employer to the defendant.

> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

> 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

E.g., *Laurents v. Louisiana Mobile Homes, Inc.*, 689 So.2d 536, 543-44 (La.App. 3 Cir. 1997) (citing *Canter*, 283 So.2d at 721).

under present Louisiana law, Plaintiffs have no possibility of recovery against Ms. Powell.  It thus recommended that Plaintiffs' motion to remand be denied and the case be retained by this Court. We disagree.  Instead, we find that Plaintiffs' motion to remand, (Doc. 9), should be granted, Defendants' motion to dismiss, (Doc. 12), should be denied, and the case should be remanded to state court.

Factually, Plaintiffs initially alleged that Ms. Powell personally created the trip hazard that caused Plaintiffs' injuries, or in the alternative that:

> Ms. Powell had actual knowledge of or should have known of the trip hazard and failed to take timely action to protect customers from it by either correcting it or warning about it, which was one of her assigned duties.

In their opposition to Plaintiffs' motion to remand, Defendants attached an affidavit from Ms. Powell in which she denied having created the hazard that caused Mr. Thomas' injury, saying that she "did not have any 'hands-on' involvement" with it.  (Doc. 11-1, exh. H, ¶ 7).

However, Ms. Powell admitted that she had had knowledge of the hazard and had failed to remedy it.[5]  In addition, Ms. Powell was ambiguous, at best, about whether "either correcting [the hazard] or warning about it . . . was one of her assigned duties."  She attested that she had "read[] the allegations contained in plaintiffs' petition," and she specifically denied most of them. Regarding whether correcting or warning about the hazard was one of her assigned duties, however, she said only that she "was aware of [the hazard's] existence . . . while performing my general administrative duties."  (Doc. 11-1, exh. H, p. 2).  She thus did not directly address Plaintiffs' allegation, while her affidavit constituted the extent of her denial of Plaintiffs' allegations.  So, as

---

[5]  For clarity, as we explain below, these facts alone – under which Plaintiffs allege Ms. Powell's 'knowledge and failure to remedy', without the additional allegation that mitigating this hazard was part of Ms. Powell's assigned duties – would be more than sufficient to permit Plaintiffs a reasonable possibility of maintaining a claim against Ms. Powell in state court under Louisiana law.

Plaintiffs were clear about what they were alleging, as Ms. Powell did not deny these allegations, and as all factual issues must be decided in favor of Plaintiffs, e.g., *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007), we assume here that mitigating this hazard was one of Ms. Powell's "assigned duties."[6]

On these facts – that Plaintiffs allege an uncontroverted claim of knowledge and failure to warn or correct, and that "correcting [the hazard] or warning about it . . . was one of [Ms. Powell's] assigned duties" – we find there is a reasonable possibility that Louisiana law would allow Plaintiffs to maintain a cause of action against Ms. Powell in state court. The primary reason for this finding is that Louisiana courts have permitted cases to proceed on similar facts in the past, e.g., *Walker v. Schwegmann Giant Supermarkets, Inc.*, 671 So.2d 983, 987 (La. App. 4 Cir. 1996) (permitting case to proceed against store manager on duty at time of customer's slip and fall where customer alleged that manager "failed to take appropriate measures to ensure that the floor was kept in a reasonably safe condition to avoid hazards to shoppers," as "[t]he charges in the petition, if proven at trial,

---

[6] This assumption is reinforced by what we perceive to be a misunderstanding of Louisiana law in Defendants' filings. As they note, the *Canter* standard in Louisiana law is designed to prevent managerial employees and corporate officers, directors, or even shareholders from being held personally liable for their general managerial or administrative duties when the conduct or omission which actually led to a plaintiff's injury had been delegated to and was committed by another employee. At the end or bottom of the chain, however, in almost every instance, some individual will be personally responsible for what has occurred, or will have personally done whatever it is that caused the plaintiff's injury. Wal-Mart cites to a string of cases where it has successfully pled improper joinder to prevent (local) individuals from being brought into suit, claiming in all of them, as here, that the individual sued cannot be held responsible because she is being sued for failure of her general "managerial or administrative" duties. However, keeping a floor clean and a shopping area safe for invitees is not necessarily a general "managerial or administrative" duty; it is a task that a business' employees must perform under Louisiana law. *Canter* only ensures that Wal-Mart's managers, and its more senior employees, including its corporate officers and directors, will not be held personally liable when this task has been delegated to an inferior employee who fails to perform it properly. However, unless Wal-Mart claims that that task has not been delegated to anyone – in which case it will have a very difficult time defending this case wherever it is adjudicated – then *somebody* at its store is responsible for it and can be held liable when it is performed negligently. For this reason we doubt the legitimacy of Wal-Mart's tactic – in this and related cases – of labeling delineated and specific tasks which individuals at its stores must perform "general or managerial duties," and we find that its use of that term both misunderstands and abuses Louisiana law to avoid legitimate state court jurisdiction.

would be sufficient to hold [the manager] personally liable . . . under the *Canter* factors because of personal omissions to perform specific duties and / or to correct negligent acts of his subordinates of which he should have known."); *Holmes v. Great Atlantic and Pacific Tea Co.*, 587 So.2d 750, 752-53 (La. App. 4 Cir. 1991) (holding, under *Canter*, that customer of A&P grocery store stated cause of action against store manager for, inter alia, "[f]ailing to use reasonable and ordinary care in keeping the aisles free of foreign substances; failing to make regular and periodic checks to assure that the aisles of the store were kept free of foreign substances, [and] failing to remove foreign substances from the floor of the store after being made aware of their presence.") (cited approvingly in *Hernandez v. K-Mart Corp.*, 993 F.2d 1543, at *1 [5th Cir. 1993] [noting, without comment, that the law by which a customer is allowed to sue the manager in such a situation has been settled in Louisiana since 1973]), or even under facts much less favorable to the plaintiff than those here, e.g., *Hoerner v. ANCO Insulations, Inc.*, 812 So.2d 45, 64 (La.App. 4 Cir. 2002) (holding President of an asbestos manufacturing company liable because of his "ultimate" responsibility for hazard, and his failure to delegate that responsibility to any subordinate).

Moreover, we found no Louisiana case in which a plaintiff stated similar facts to those here – alleging that the employee knew of the hazard and failed to rectify it, and / or that mitigating the hazard was one of the employee's assigned duties – and yet the employee or responsible store manager was found not liable under *Canter* under Louisiana law.  Instead, those cases where the employee was found not liable are universally and materially distinguishable from the facts before us.  E.g., *H.B. "Buster" Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975) (finding corporate officer of excavation company not personally liable, though averring that the actual operators of the equipment which caused the plaintiff's damage would be personally liable, because the officer had only visited the site premises as part of his corporate function, had left days before the accident

occurred, and the acts which caused the accident were taken in contradiction of his specific instructions); *Dodson v. K-Mart Corp.*, 891 So.2d 789, 794 (La. App. 3 Cir. 2004) (front-end manager of K-Mart not liable for customer's slip and fall because "[t]here was absolutely no evidence to suggest that [the manager] had anything personally to do with the accident in question through any act of negligence," including "that he personally saw" or otherwise had knowledge of the hazard "and failed to" correct it "or instruct someone else" to do so); *Green v. K-Mart Corp.*, 849 So.2d 814, 822 (La. App. 3 Cir. 2003), *affirmed in part and reversed in part on other grounds*, 874 So.2d 838 (La. 2004) (holding that a store manager could not be held liable for customer's injuries caused by falling merchandise where "there was no evidence that [the manager] had any personal knowledge that a potentially hazardous condition existed."); *Lyle v. National Sur. Corp.*, 304 So.2d 743, 749 (La.App. 3 Cir. 1975) ("Under criteria No. 4 from the *Canter* case, quoted above, if the defendant's general responsibility has been delegated with due care to some responsible subordinate, the defendant is not personally liable for the negligent performance of this responsibility, unless he personally knows or should know of its nonperformance or malperformance and has nevertheless failed to cure the risk of harm.").

We acknowledge from the long list of dueling cases in the parties' briefs that federal district courts, including in this district, have reached multiple and contrary decisions on this point. However, when interpreting a state's laws we are bound by the interpretation of the courts of that state; holding otherwise would do grievous damage to various of the interests of federalism and federal judicial constraint that are at the heart of limited federal jurisdiction. Further, the standard before us is not how we would rule were we to confront this situation as a state trial or appellate court, but to determine whether Plaintiffs have any reasonable possibility of recovery in state court under state law. Given that cases with facts similar to those before us have not infrequently been

maintained in state court and affirmed by Louisiana appellate and trial courts, then absent a ruling from the Louisiana Supreme Court or the United States Fifth Circuit to the contrary, we cannot find that there is no such possibility.

For these reasons, after de novo review and considering all objections and filings by counsel, the Report and Recommendation (Doc. 22) is adopted, but with the modifications set forth above. Accordingly:

IT IS ORDERED that Plaintiffs' motion to remand (Doc. 9) is GRANTED.  The case is thus remanded to the Ninth Judicial District Court of the State of Louisiana for further adjudication.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike, (Doc. 17), and Defendant's motion to dismiss, (Doc. 12), are DENIED as moot.[7]

SIGNED on this ___ day of August 2011 at Alexandria, Louisiana.


DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[7] We note that Ms. Powell was never part of the removal from state court.  Accordingly, the motion to dismiss her from the case here, (Doc. 12), was improvidently filed in the first place.